UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 05-61238-CIV-COHN/SNOW

RICHARD ROSS,

       Plaintiff,

v.

M/Y ANDREA ARAS, et al.,

       Defendants.
_____/

## ORDER REGARDING SEIZURE OF DEFENDANTS' PROPERTY IN THE POSSESSION OF A-ONE PAWNBROKER

**THIS CAUSE** is before the Court upon a hearing to determine the disposition of certain property of the Defendants, a 2002 Lexus, currently in the possession of A-One Pawnbroker. The Court has considered the arguments of Plaintiff Richard Ross and Third Party A-One Pawnbroker, and is otherwise duly advised in the premises.

Upon a request by Plaintiff Richard Ross, this Court previously issued an Order directing the United States Marshal to execute upon and take possession of the Defendants' 2002 Lexus VIN JTHFN48Y020027407 in the possession or control of A-One Pawnbroker, Inc., 2450 North Powerline Road, #6-11, Pompano Beach, Florida ("A-One"). The Court was subsequently advised that the owner of A-One had refused to comply with the United States Marshal's efforts to take possession of the vehicle. The Court then set a hearing for March 15, 2007 to hear arguments from Ross and A-One regarding the appropriate disposition of the vehicle.

A-One contends that it is a bona fide purchaser for value without notice of the judgment against the Chisholms, and accordingly, the Court should not authorize the

seizure of the vehicle to satisfy the judgment owed to Ross.  A-One also notes that under the Florida Pawnbroking Act, A-One's sole remedy against the Chisholms for the $10,000 that was provided to them is its possession of the vehicle, and so allowing the seizure of the vehicle and transfer of any proceeds to Ross in satisfaction of his judgment would effectively leave A-One with no remedy and a loss of $10,000.

Ross responded that the judgment in the above-referenced matter was duly recorded in Florida prior to the pawning of the vehicle, so A-One was on constructive notice of that judgment.  Further, Ross argued that his interest in the vehicle was superior to that of A-One, and that A-One was not a bona fide purchaser for value.

At the outset the Court notes that all proceedings in aid of execution on a judgment are to be conducted in accordance with the practice and procedure of the state in which the Court sits–in this case, Florida.  Fed. R. Civ. P. 69(a).  Under Florida law, the Court "may order any property of the judgment debtor, not exempt from execution, in the hands of any person or due to the judgment debtor to be applied toward the satisfaction of the judgment debt."  Fla. Stat. § 56.29(5).  What is clear is that the vehicle has not been purchased by A-One and title has not transferred.  The Florida Pawnbroking Act, while not defining the precise legal nature of a pawnbroker's interest in a pawned item, explicitly notes that if pledged goods are not redeemed within the 30-day period following the date of the pawn, "absolute right, title, and interest in and to the goods shall vest in and shall be deemed conveyed to the pawnbroker by operation of law."  Fla. Stat. § 539.001(10).  If title and ownership are conveyed to the pawnbroker upon expiration of this time period, by negative implication, one can conclude that they are not conveyed prior to that point.  Thus, the Court reasons that

the interest that A-One has in the vehicle is something less than full ownership. Accordingly the Court agreed with Ross, finding that A-One was not a bona fide purchaser for value without notice, and ordered that A-One turn over the vehicle to the United States Marshal.

However, the Court must still determine the appropriate disposition of the funds from judicial sale of the vehicle. To make this determination, the Court must decide what A-One's precise legal interest in the vehicle is, and whether Ross's interest is superior to it. Florida courts have not addressed this precise issue in the context of a pawn transaction, but the case law does provide some guidance. The Second District Florida Court of Appeals has, albeit in a different context, analyzed the nature of a pawnbroker's interest in a vehicle that is pawned. See Quick Cash of Clearwater v. Florida, 605 So. 2d 898 (Fla. 2d DCA 1992). There, the court addressed a situation where the pawnbroker completed a normal pawn transaction, but then allowed the vehicle's owner to retain possession of the vehicle in exchange for a weekly "rent" payment. Id. at 899. In those circumstances, the court explained that this transaction had lost the "quintessential characteristic of a 'pawn,' i.e., a pledge of personal property," and was simply a typical consumer car loan. Id. The court also characterized the rights given up as "bailment" rights, and noted that the pawnbroker was relying only on the title as security, just as a bank or other lender would. Id. Extrapolating from this reasoning, this Court concludes that a pawnbroker's interest in a pawned vehicle is something more than the security interest that a bank or other lender has in a standard car loan transaction, because it includes bailment rights.

Because some legal interest was conveyed to A-One Pawnbroker in its

3

transaction with the Chisholms, the Court must determine the proper disposition of the funds generated from the auction of the vehicle. Therefore, it is

**ORDERED AND ADJUDGED** as follows:

1. Pursuant to this Court's ruling in open court on March 15, 2007, the Court finds that third party A-One Pawnbroker is not a bona fide purchaser for value of the vehicle, and A-One is directed to turn the vehicle over to the United States Marshal immediately.

2. The parties to this matter (A-One and Ross) shall brief the issue of how the funds are to be distributed following the judicial sale, addressing specifically the relative interests of the two parties in the vehicle and whether one party's interest is superior to the other's. Such briefs are to be filed with the Court on or before April 6, 2007.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 16th day of March, 2007.

/s/ James I. Cohn
JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record
Melody Ridgely Fortunato, counsel for A-One (via facsimile at 954-728-1268)

5