UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-61238-CIV-COHN/SNOW

RICHARD ROSS,

    Plaintiff,

v.

M/Y ANDREA ARAS, et al.,

    Defendants.
_____/

### ORDER DIRECTING A-ONE PAWNBROKER TO TURN OVER TITLE AND LICENSE PLATES, AND GRANTING A-ONE PAWNBROKER'S REQUEST FOR RETURN OF DEALER LICENSE PLATES

**THIS CAUSE** is before the Court upon Plaintiff's Response to this Court's Order to Show Cause of March 16, 2007 [DE 417]. The Court has considered Plaintiff's Response and is otherwise duly advised in the premises.

The issue at hand is A-One's apparent unwillingness to turn over the title and license plates[1] to the Lexus previously seized by this Court. A-One argues both that the title and plates are not necessary to the sale of the vehicle and that A-One "is rightfully entitled to hold the title of the vehicle" due to his lien. The Court understands that A-One believes it has a valid lien against this vehicle, but this issue is precisely the one that this Court must decide, and on which the Court has already directed briefing from the parties. A-One may not simply decide for itself that it has a security interest in the vehicle and refuse to turn over the title; the Court must determine this issue, and pending this determination, the Court has directed the seizure of the vehicle by the U.S.

---

[1] The registration is evidently not in the possession of A-One.

Marshal.  If the Court determines that A-One has a valid lien against the vehicle, appropriate steps will be taken to compensate A-One from the proceeds of the judicial sale.  The Court clarifies again that in ordering the seizure of the vehicle, the Court intended that the title and license plates be seized along with the vehicle, and A-One is directed to turn the title over to the U.S. Marshal.

With respect to the license plates, A-One argues that "in the state of Florida, the tag to the vehicle stays with the owner, not the vehicle."  However, the Court has already concluded, as set out in previous Orders, that A-One is not the owner of this vehicle.   Accordingly, A-One is not entitled to retain the license plates and is directed to turn them over to the U.S. Marshal.

The Court emphasizes again that A-One is not being asked to turn anything over to Plaintiff or Plaintiff's counsel.  A-One is being directed to turn over the vehicle and its accompanying documentation to the Court, by way of the United States Marshal.  The proceeds from the sale of the vehicle will be held in the Court registry pending the Court's determination of whether or not A-One possesses a valid security interest in the vehicle.

For the aforementioned reasons, it is hereby

**ORDERED AND ADJUDGED** that A-One is directed to turn over the title and license plates to the U.S. Marshal.  It is further

**ORDERED AND ADJUDGED** that A-One's request that his dealer tags, which were inadvertently left on the vehicle when it was seized, be returned to him is **GRANTED**.  The U.S. Marshal is directed to release the dealer tags to A-One

Pawnbroker.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 26th day of March, 2007.

JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record
Melody Ridgley Fortunato, counsel for A-One (via facsimile at 954-728-1268)