UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 05-61238-CIV-COHN/SNOW

RICHARD ROSS,

    Plaintiff,

v.

M/Y ANDREA ARAS, et al.,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court *sua sponte*.  In response to this Court's Order of March 16, 2007, the parties have submitted written briefs addressing the question of how the proceeds should be distributed following a judicial sale of what was assumed to be Defendant Colin Chisholm's 2002 Lexus, VIN JTHFN48Y020027407.  After a careful review of these briefs, and limited research into the status of the vehicle, questions have been raised as to the ownership of the vehicle prior to Chisholm's transaction with A-One Pawnbroker.

    Plaintiff Ross advises that the vehicle lacks a current registration, according to A-One, and that the title shows only that the vehicle passed to an entity called Ozro International, Inc. in October 2005.  Upon additional research in the Westlaw database, the Court has found only one recorded registration of the vehicle, to a Thomas L. Denapoli, who purchased the vehicle in 2002, and whose registration was renewed in March 2005 and expired on April 4, 2007.  The Court has also learned that Ozro International, Inc. is a used automobile retailer in Stamford, CT, owned by a Robert A.

Kolenberg, and with no apparent connection to Defendant Colin Chisholm. Although Plaintiff submitted a copy of a signed sales contract between Ozro International and Chisholm with the original Motion to allow seizure of the vehicle, there is no indication that the contract was carried out or that ownership of the vehicle passed to Chisholm at that time. Based on these facts, the Court is concerned that Defendant Colin Chisholm may not have owned the vehicle at the time he pawned it with A-One. For a determination to be made regarding the disposition of funds from the sale of the vehicle, ownership of the vehicle must be established. Therefore, it is hereby

**ORDERED AND ADJUDGED** that this Court's previous Order directing the United States Marshal to conduct a judicial sale of the vehicle is **VACATED**. The U.S. Marshal is directed to retain possession of the vehicle until further Order of this Court. It is further

**ORDERED AND ADJUDGED** that in accordance with 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the Southern District of Florida, the determination of ownership of the vehicle, as well as the appropriate disposition of the proceeds from sale of the vehicle, if warranted, is **REFERRED** to United States Magistrate Judge Lurana S. Snow for appropriate disposition.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 12th day of April, 2007.

/s/ James I. Cohn
JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record
Melody Ridgely Fortunato, counsel for A-One (via facsimile at 954-728-1268)