UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 05-61238-CIV-COHN/SNOW

RICHARD ROSS,

    Plaintiff,

vs.

M/Y ANDREA ARAS, her tackle, equipment,
boats, engines, and appurtenances, *in rem*,
and COLIN CHISHOLM and ANDREA
CHISHOLM, *in personam*,

    Defendants.
_____/

## ORDER REGARDING MOTION TO COMPEL

**THIS CAUSE** came before the Court upon Plaintiff/Appellee Richard Ross' Motion to Compel Defendants to Order Transcripts for Record on Appeal [DE 440]. In this Motion, Plaintiff/Appellee argues that because Defendants/Appellants identified the final judgment as one of the rulings to be appealed in their Notice of Appeal and Civil Appeal Statement, the transcript of the trial must be included in the record on appeal. However, Defendants/Appellants have represented to this Court that the only rulings addressed in their actual brief, filed with the Eleventh Circuit, are several pre-trial orders and do not include the final judgment. Therefore, as Defendants/Appellants argue, the Court should look to this more limited set of issues on appeal, rather than the broader issues originally listed in the Notice of Appeal, in evaluating whether the trial transcript is a necessary part of the record.

However, the Court recognizes that even if the appeal addresses only pre-trial orders, the transcript of the trial could still be a necessary part of the record on appeal,

and the Plaintiff/Appellee has a responsibility for insuring the adequacy of the record on appeal. In Mandel v. Max-France, Inc., the Eleventh Circuit rejected an appellee's argument that the appellant was not entitled to a new trial because her failure to provide the court with a full transcript of the trial testimony prevented her from showing that the erroneous jury instruction was prejudicial. 704 F.2d 1205, 1206 (11th Cir. 1983). The court noted that "if the appellee deems the partial transcript inadequate to determine the issues, he is required to designate to the appellant the additional parts he considers necessary so the appellant can order them for inclusion in the record." Id. at 1206-07. The court emphasized that an appellee must share the responsibility for insuring the adequacy of the record, especially as to those matters that he believes show an error to be harmless. Id. at 1207.

Plaintiff/Appellee's arguments on appeal could, in theory, depend upon the inclusion of the transcript in the record on appeal, even if Defendants/Appellants are appealing only some pre-trial orders and do not themselves believe that the transcript is necessary. However, because Plaintiff/Appellee has thus far relied upon the assumption that the final judgment is at issue on appeal, based on the Notice of Appeal, he has not yet addressed the question of whether the transcript is necessary to his response to Defendants/Appellants' appeal on the limited issues raised in their brief. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff/Appellant shall file a Reply in support of his Motion to Compel within five (5) days of receipt of this Order addressing the question of whether the entire transcript of the trial is necessary to his response to Defendants/Appellants' appeal on the limited issues raised in their brief, as identified in

their Response to Plaintiff/Appellee's Motion to Compel.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 10th day of May, 2007.

JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record