UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 05-61238-CIV-COHN/SNOW

RICHARD ROSS,

       Plaintiff,

vs.

M/Y ANDREA ARAS, her tackle, equipment,
boats, engines, and appurtenances, *in rem*,
and COLIN CHISHOLM and ANDREA
CHISHOLM, *in personam*,

       Defendants.
_____/

## ORDER GRANTING MOTION TO COMPEL

**THIS CAUSE** came before the Court upon Plaintiff Richard Ross' Motion to Compel Defendants to Order Transcripts for Record on Appeal [DE 440]. The Court has considered the Motion and the record, including Defendants' previously filed Memorandum in Opposition to Plaintiff's Designation of Additional Parts of the Record and Transcript for the Record on Appeal [DE 439], Defendants' Response in Opposition to Plaintiff's Motion [DE 450], both parties' responses to this Court's Order directing further briefing on the issue [DE 459, 461], and is otherwise fully advised in the premises.

Plaintiff Ross seeks an Order from this Court compelling Defendants to order and pay for a transcript of the trial and related proceedings in the above-referenced case, held from November 6, 2006 through November 17, 2006, as well as the December 23, 2005 hearing regarding seizure of the vessel. Defendants' Notice of Appeal and Civil Appeal Statement initially indicated Defendants would seek review of

this Court's final judgment in favor of the Plaintiff. However, Defendants argue in their Memorandum in Opposition [DE 439] that the actual brief they have filed with the Eleventh Circuit addresses only orders that were issued prior to the trial in this matter, and which do not bear upon the arrest of the vessel or the evidence admitted at trial.[1] Thus, Defendants argue that the transcripts sought by the Plaintiff do not bear upon the issues on appeal.

The Federal Rules of Appellate Procedure provide a procedure by which the record on appeal is created. Within ten days after filing a notice of appeal, an appellant must either order a transcript of the proceedings, as the appellant considers to be necessary, or file with the district court a certificate stating that no transcript will be ordered. Fed. R. App. P. 10(b)(1).[2] If the entire transcript is not ordered, the appellant must file a statement of issues he intends to raise on appeal and serve that statement and the certificate on the appellee. Fed. R. App. P. 10(b)(3)(A).[3] Then, if the appellee considers it necessary to have a transcript, he must file and serve on the appellant a designation of additional parts to be ordered within ten days. Fed. R. App. P. 10(b)(3)(B). If the appellant does not then, within ten days, order the designated transcript parts, the appellee may either order the transcript himself or file a motion in

---

[1] Plaintiff has provided a full copy of Defendants' brief, as filed with the Eleventh Circuit, as an attachment to Docket Entry 459.

[2] Defendants' Notice of Appeal [DE 410] was filed on January 16, 2007. Defendants filed a Notice of Filing Eleventh Circuit Transcript Information Form [DE 424] with this Court on March 30, 2007, indicating that no transcript would be ordered. As Plaintiff quite accurately points out, well over ten days elapsed between these two dates.

[3] According to Plaintiff, Defendants failed to satisfy this requirement as well.

the district court for an order requiring the appellant to do so. Fed. R. App. P. 10(b)(3)(C).

Despite a careful review of Fed. R. App. P. 10(b) and the case law addressing this rule in the Eleventh Circuit, the Court has found little guidance in the law as to the standard a district court should apply when ruling on a motion to compel an appellant to order a transcript. The Rule itself states that the motion to compel should be filed "if the appellee considers it necessary to have a transcript," but provides no indication of the standard a court should apply when considering such a motion, and the Court can find no Eleventh Circuit precedent that would provide such a standard. The Eleventh Circuit has, however, articulated the appellee's responsibility for insuring the adequacy of the record on appeal. In Mandel v. Max-France, Inc., the court rejected an appellee's argument that the appellant was not entitled to a new trial because her failure to provide the court with a full transcript of the trial testimony prevented her from showing that the erroneous jury instruction was prejudicial. 704 F.2d 1205, 1206 (11th Cir. 1983). The court noted that "if the appellee deems the partial transcript inadequate to determine the issues, he is required to designate to the appellant the additional parts he considers necessary so the appellant can order them for inclusion in the record." Id. at 1206-07. The court emphasized that an appellee must share the responsibility for insuring the adequacy of the record, especially as to those matters that he believes show an error to be harmless. Id. at 1207. However, in that case, the appellee had not requested that the additional portions of the transcript be included, and thus, his arguments were rejected by the court and a new trial was ordered.

Another case, Drewett v. Aetna Casualty & Surety Co., provides some guidance

as to what the Court should consider when determining what materials are necessary to an appeal.  539 F.2d 496 (5th Cir. 1976).  Drewett did not arise in the context of a motion to compel a party to order a transcript, but rather addresses the question of whether certain documents are necessary parts of the appendix, the costs of copying which should be taxed to an appellant under Fed. R. App. P. 30.  In Drewett, the court held that because the appellee had insisted on including extensive portions of the record in the appendix, but had referred only to minute and irrelevant portions of these materials in its briefs, the court could not "condone the extravagance practiced by appellee here" and denied the motion to tax costs.  Id. at 501.  Although the analysis in Drewett relates to whether costs should be taxed under Fed. R. App. P. 30, rather than the Rule at issue in this matter, it does indicate that the question of whether certain materials are necessary to the appeal can be answered by looking to the briefs themselves and the extent to which the appellee is truly relying upon the materials in question.

      In the instant case, Defendants have argued that their brief filed with the Eleventh Circuit contains no reference to the facts established at trial, and argues only that the Court erred only with respect to several pre-trial Orders.  Plaintiff asserts, however, that at the very least, the trial transcripts show that any errors as to the pre-trial orders Defendants challenge were harmless.  A district court's grant of summary judgment can be harmless error, under Eleventh Circuit precedent.  See, e.g., Lans v. Stuckey, 203 Fed. Appx. 956, 959-60 (11th Cir. 2006) (holding that the district court's grant of summary judgment, even if erroneous, was harmless error in light of subsequent findings at trial).  In light of the fact that the Plaintiff intends to argue on

4

appeal that any error was harmless in light of the evidence presented at trial, the Court concludes that the transcript of the trial in this matter is an essential part of the record on appeal, and must be ordered by Defendants. As the Eleventh Circuit emphasized in Mandel, a court of appeals cannot evaluate an argument of harmless error without being able to consider the transcript of the proceedings on which such an argument is based, and so Plaintiff's cross-designation of the transcript as part of the record on appeal is both reasonable and justified in this case.

Despite the many and varied attempts by the Defendants to muddle the issues in this case, the evidence presented at trial clearly showed that this was a straightforward maritime mortgage foreclosure case: the Chisholms executed a valid mortgage and subsequently defaulted on it, resulting in foreclosure. The Court endeavored to simplify and limit the issues to be presented at trial in its many pre-trial Orders on the parties' very many Motions, so as to avoid, insofar as possible, any unnecessary, lengthy, and costly presentations of irrelevant evidence at trial. However, in an effort to be as thorough as possible, the Court also granted Defendants extensive latitude at trial to present the vast majority of the evidence they wished to present, and to make factual proffers of that evidence which the Court found to be so overwhelmingly irrelevant to the issues presented at trial to be excludable. The transcript of the trial in this matter shows clearly what the pre-trial Motions and Orders may only hint at – the complete absurdity of the Defendants' factual and legal allegations, and the reasonable and well-supported conclusion that a valid mortgage was executed and subsequently defaulted on by the Chisholms.

The Defendants are now seeking to present only part of the story to the Eleventh

Circuit on review, and to preclude any consideration by that Court of the evidence and factual findings made at trial that would likely render harmless any possible error on the part of this Court in its various pre-trial Orders. Such selective presentation of this Court's proceedings to the Eleventh Circuit would be overwhelmingly prejudicial to the Plaintiff, and the Court cannot condone these Defendants' ongoing efforts to argue this case through half-truths and manipulations of the facts. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Compel Defendants to Order Transcripts for Record on Appeal [DE 440] is **GRANTED**. Defendants are directed to include in the record on appeal before the Eleventh Circuit a transcript of the trial and related proceedings in the above-referenced case, held from November 6, 2006 through November 17, 2006.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 14th day of June, 2007.

/s/ James I. Cohn
**JAMES I. COHN**
**United States District Judge**

Copies provided to:

Counsel of record