UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 05-61238-CIV-COHN/SELTZER



RICHARD ROSS,

      Plaintiff,

v.

M/Y ANDREA ARAS, her tackle, equipment,
boats, engines and appurtenances, in rem,
and COLIN CHISHOLM and ANDREA CHISHOLM,
in personam,

      Defendants.
_____/

## ORDER DIRECTING INSPECTION OF PERSONAL PROPERTY AND DOCUMENTS; DIRECTING SALE OF WEAPONS

**THIS CAUSE** is before the Court upon Motions filed by the Plaintiff [DE 495] and non-party Ruth Larson [DE 506] regarding the sale or disposition of personal property, weapons, and documents and data seized by the United States Marshal in the execution of Plaintiff's judgment in this matter. The Court has considered the Motions and related documents, as well as the arguments presented at a hearing held on February 15, 2008.

With respect to Ms. Larson's Motion, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Ruth Larson's Motion to Stay Execution of Sale [DE 506] is **GRANTED**. The sale will be **STAYED** through February 29, 2008, but not beyond, unless Ms. Larson complies fully with Fla. Stat. § 56.16 in submitting her claim for the property.

2. Ms. Larson is granted leave to inspect the property herself, or to appoint

an agent to conduct the inspection on her behalf, at any time before **February 29, 2008**, to be arranged directly with the substitute custodian currently in possession of the items, National Liquidators. Any costs associated with this inspection shall be paid by Ms. Larson. Ms. Larson is free to choose an agent to act on her behalf in this matter, but other parties to this action are prohibited from acting as her agent.

3. In the event that Ms. Larson chooses to assert a claim of ownership, and complies fully with the requirements of Fla. Stat. § 56.16, this Court will conduct a hearing on the merits of her claim at **9 a.m. on Thursday, March 6, 2008**.

With respect to Plaintiff's Motion, it is hereby **ORDERED AND ADJUDGED** as follows:

4. Counsel for Plaintiff and Counsel for Defendants are directed to work together in a joint effort to review the documents and files in question, and to determine which documents may be privileged and which may be turned over to Plaintiff. Such inspection and review shall take place at the mutual convenience of counsel on or before **March 7, 2008**. Plaintiff is directed to pay any costs associated with obtaining access to the files and computers. Neither counsel for Defendants nor counsel for Plaintiff may access or review documents without opposing counsel present, and Defendants' counsel shall examine each document first to screen for privileged material. **Only those documents that Defendants' counsel**

**believes are protected by a legally recognized privilege may be withheld from Plaintiff.**

5. Those documents that Defendants' counsel believes are privileged shall be submitted to the Court, with a privilege log and any legal authority in support of the assertion of privilege, for an *in camera* review **within ten (10) days of completion of the inspection**.

6. All information obtained from this inspection and review shall be kept confidential pending the resolution of any disputes over the relevancy and privilege issues.

7. Although the documents and data in question may have no intrinsic value beyond the information to be gleaned from them for purposes of locating and executing on assets, the Court recognizes that these documents and records may have significant value to their owners, the Chisholms. Thus, Plaintiff may take immediate possession of any documents or data for which privilege is not being asserted. However, Plaintiff shall maintain the documents and data in their current condition for the duration of his possession of them. Plaintiff shall have one **(1) month from the date of the inspection** within which to review the documents received for any information relevant to execution of the judgment in this matter. After that time, the documents and data[1] shall be made available to be returned to

---

[1] Although copies of the data on the computers and PDAs should be returned to the Defendants, to the extent practicable, the Court contemplates that the computers and PDAs themselves will be considered part of the personal property to be sold at a later date.

the Defendants or their representatives. In the event that Plaintiff's counsel requires additional time to review the materials, a motion may be filed before this Court.

8. The United States Marshal is directed to sell the weapons seized–a Remington 870 shotgun, a Smith & Wesson .38 pistol, and an Armalite AR-10 automatic rifle–to the highest bidder among licensed weapons dealers in Broward County.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 15th day of February, 2008.

_____
JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record