

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 05-61238-CIV-COHN/SELTZER

RICHARD ROSS,

       Plaintiff,

v.

M/Y ANDREA ARAS, her tackle,
equipment, boats, engines and
appurtenances, *in rem* and
COLIN CHISHOLM and ANDREA
CHISHOLM, *in personam*,

       Defendants.
_____/

## ORDER GRANTING ADDITIONAL TIME IN WHICH TO CONDUCT DOCUMENT REVIEW AND CLARIFYING THE REVIEW PROCESS

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Additional Time in Which to Conduct Document Review and for Clarification of the Review Process Intended By the Court [DE 527]. In this Motion, Plaintiff requests an extension of time up to and including March 21, 2008 within which to complete the review of the documents currently being held by the substitute custodian. Plaintiff also seeks clarification of the Court's intent as to the appropriate procedure to be used during the review.

The Court recognizes several important objectives attendant to the completion of this review: 1) to make the documents available to the Plaintiff as soon as possible, 2) to ensure that any privileged communications are protected, 3) to avoid, insofar as possible, a review by this Court of the contested documents that is unnecessarily lengthy and wasteful, and 4) to avoid, insofar as possible, an expenditure of counsel's

time that is unnecessarily lengthy and wasteful. In that vein, the Court reiterates that counsel should attempt to cooperate as much as possible in achieving these goals. However, in an attempt to clarify the process as much as possible, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's request for an extension of time, up to and including **March 21, 2008**, within which to complete review of the documents is **GRANTED**. It is further

**ORDERED AND ADJUDGED** that the procedure to be used in reviewing the documents is clarified as follows:

- The Court sees no practical way for a privilege review to be conducted "together" by counsel for the Plaintiff and counsel for the Defendants without violating the very privilege sought to be protected. Thus, if counsel for the Defendants reviews a given document and determines, on a valid and non-frivolous legal basis, that it is privileged, Defendants shall set that document aside for the Court's *in camera* review and need not show it to Plaintiff's counsel.
- The Court, in its previous Order, directed Defendants to submit the documents believed to be privileged, along with a privilege log and any legal authority within ten (10) days of completion of the inspection. The purpose for this additional time was to allow Defendants' counsel to conduct a closer review of the documents, ensure that any assertions of privilege are valid and non-frivolous, and organize them for review by the Court. Thus, this process will necessitate removal of the documents over

which Defendants are asserting privilege from the storage facility. The Court is entrusting the maintenance and security of these documents to Defendants' counsel, as officers of the court.

- Either side may bring as many lawyers and staff as they wish to the review, subject to the practical restraints of space, and assuming that all members of the reviewing "team" are attorneys and staff from the law firm.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 7th day of March, 2008.

JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record